UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENNIE BYRD, III, as Personal
Representative of the Estate of BENNIE
BYRD, JR.,

       Plaintiff,

v.

UNITED STATES OF AMERICA,

       Defendant.

CASE NO.: 12-cv-12174
HON. PATRICK J. DUGGAN

## OPINION AND ORDER

Plaintiff Bennie Byrd, III, proceeding *pro se*, filed the instant action as Personal

Representative of the Estate of Bennie Byrd, Jr. ("Decedent") on May 16, 2012.

Plaintiff's Complaint alleged that the Allen Park Veterans Affairs Medical Center and the

John D. Dingell Veterans Affairs Medical Center (the "Medical Centers") engaged in a

course of negligent conduct that amounted to medical malpractice.  Specifically, Plaintiff

alleged that the Medical Centers, which are both federal government entities, conducted

secret medical research on Decedent without obtaining Decedent's consent.  Plaintiff

filed suit against the United States claiming that its employees or agents failed to treat

Decedent's ailments in effort to further the research goals of the Medical Centers and the

United States.

On July 11, 2012, the United States filed a motion to dismiss for lack of subject-

matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  The United

States argued that the Court lacked subject-matter jurisdiction due to the operation of the

statute of limitations set forth in the Federal Tort Claims Act ("FTCA"), codified at 28

U.S.C. § 2401(b).  In responding to this motion, Plaintiff asserted that any statute of

limitations deficiency was excused.  Plaintiff argued that the Medical Centers

fraudulently concealed the medical research while Decedent was alive and perpetrated

this fraud after Decedent's death by fraudulently concealing Decedent's medical records.

After a thorough and careful review of the pleadings and exhibits attached

thereto, the Court determined that it was without jurisdiction to entertain Plaintiff's suit.

The Court's October 30, 2012 Opinion and Order explained that the FTCA constitutes a

limited waiver of the sovereign immunity of the United States.  (10/30/2012 Op. & Order

4-5).  To take advantage of that waiver, Plaintiff was required to abide by the conditions

contained in the FTCA because those conditions "define the extent of [a federal] court's

jurisdiction."  *Humphrey v. United States AG Office*, 279 F. App'x 328, 332 (6th Cir.

May 15, 2008) (unpublished) (Griffin, J.) (quoting *Franklin Sav. Corp. v. United States*,

385 F.3d 1279, 1287 (10th Cir. 2004)).  Even when construing the factual allegations in

the light most favorable to Plaintiff as the nonmoving party, the Court determined that

Plaintiff failed to satisfy the conditions imposed by 28 U.S.C. § 2401(b), which provides:

> A tort claim against the United States shall be forever barred
> unless [1] it is presented in writing to the appropriate Federal
> agency within two years after such claim accrues or unless [2]
> action is begun within six months after the date of mailing, by
> certified or registered mail, of notice of final denial of the
> claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  Without rehashing the entirety of the Court's prior Opinion and

Order, the Court notes that it also determined that Plaintiff's fraudulent concealment

argument lacked merit and therefore did not toll the limitations period as Plaintiff had

argued.  (10/30/2012 Op. & Order 9-11.)

    After the Court dismissed Plaintiff's lawsuit, Plaintiff filed three documents with

the Court: (1) "Objection to the Judgment, Opinion and Order Granting Defendant['s]

Motion to Dismiss" (hereinafter "Objection"); (2) "Motion Requesting the Court to

Amend its Judgment" filed pursuant to Federal Rule of Civil Procedure 52(b)[1]

(hereinafter "Rule 52(b) Motion") ; and (3) "Motion to Set Aside Judgment/Opinion and

Order Granting Defendant[']s Motion to Dismiss" filed pursuant to Federal Rule of Civil

Procedure 60(b)(6) ("Rule 60 Motion").[2]  These are currently before the Court.

## I.    Applicable Standards and Application

    The Court construes Plaintiff's Objection as a motion for reconsideration.  Eastern

District of Michigan Local Rule 7.1(h) states the grounds for granting a motion for

reconsideration; it provides:

> The movant must [1] not only demonstrate a palpable defect
> [2] by which the court and the parties have been misled but
> also [3] show that correcting the defect will cause a different
> disposition of the case.

E.D. Mich. LR 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear,

unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684

---

[1] Because Federal Rule of Evidence 52(b) applies to amending findings of fact after trial and does not apply to motions, Federal Rule of Evidence 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12. . . "), the Court does not analyze Plaintiff's Rule 52(b) Motion.

[2] This motion further asked the Court to enter a default judgment against the United States pursuant to Federal Rule of Civil Procedure 55.  Because the Court lacks jurisdiction, it does not consider this request for relief.

(E.D. Mich. 2004) (citation omitted).  "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(h)(3).  The purpose of a motion for reconsideration is not "'to give an unhappy litigant one additional chance to sway the judge.'"  *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Plaintiff alleges that the Court's Opinion and Order misapplied the standard of a facial challenge to subject-matter jurisdiction as it "clearly shows that the [C]ourt did not look upon my pleading as true and in a light most favorable to me."  (Pl.'s Objection 1.) The Court, however, disagrees.

Motions to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) fall into two categories: facial attacks and factual attacks.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  At issue here is the application of the standard for a facial attack, which "is a challenge to the sufficiency of the pleading itself.  On such motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party[.]"  *Id*. (emphasis in original).  A plaintiff shoulders the burden of demonstrating jurisdiction over the subject matter.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F3.d 1125, 1134 (6th Cir. 1986) (citation omitted).

The "material allegations" considered in a facial challenge to subject-matter jurisdiction refer to material allegations regarding the jurisdictional question.  The Court reviewed the allegations as they pertained to the statute of limitations issue and

concluded that Plaintiff failed to initiate the instant action in accordance with the provisions of the FTCA.  With respect to Plaintiff's position that the FTCA's statute of limitations provision should be tolled on the basis of fraudulent concealment, the Court determined that Plaintiff's own pleadings negated any basis for tolling.  (10/30/2012 Op. & Order 11.)  In sum, Plaintiff does not raise new arguments in his Objection and the Court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the Court."  E. D. Mich. LR 7.1(h)(3).  The Court finds no palpable defect with its prior ruling.

Federal Rule of Civil Procedure 60(b)(6) permits a court to "relieve a party . . . from a final judgment, order, or proceeding" for "any . . . reason that justifies relief." Plaintiff argues that defense counsel "committed [f]raud on the Court."  (Pl.'s Rule 60 Mot. 1.)  Plaintiff's position does not identify a single instance of fraud or misrepresentation nor does Plaintiff otherwise demonstrate relief under Rule 60.

## II.      Conclusion and Order

After reviewing Plaintiff's post-judgment motions, the Court concludes that it made no error in determining that it lacks subject-matter jurisdiction over Plaintiff's claims.

Accordingly, Plaintiff's Objection to the Judgment, Opinion and Order Granting Defendant's Motion to Dismiss, Motion Requesting the Court to Amend its Judgment pursuant to Rule 52(b), and Motion to Set Aside Judgment/Opinion and Order Granting Defendant's Motion to Dismiss are **DENIED.**

**IT IS SO ORDERED**.

Dated: February 7, 2013

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE


Copies to:

**Bennie Byrd, III**
1400 West Grand Blvd.
Detroit, MI 48208
313-361-1424
PRO SE

**Theresa M. Urbanic, A.U.S.A.**