UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENNIE BYRD, III, as Personal
Representative of the Estate of BENNIE
BYRD, JR.,

    Plaintiff,

Case No. 12-cv-12174
Hon. Patrick J. Duggan

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

Plaintiff Bennie Byrd, III, proceeding *pro se*, filed the instant action as Personal Representative of the Estate of Bennie Byrd, Jr. ("Decedent"), his father, on May 16, 2012 against the United States of America. Plaintiff's Complaint alleged that the Allen Park Veterans Affairs Medical Center and the John D. Dingell Veterans Affairs Medical Center (the "Medical Centers") engaged in a course of negligent conduct that amounted to medical malpractice. Specifically, Plaintiff alleged that the Medical Centers, which are both federal government entities, failed to inform Decedent that he had been diagnosed with lung cancer and heart disease, and instead of treating these conditions, permitted them to progress in furtherance of the research goals of the Medical Centers and the United States.

Plaintiff filed his lawsuit pursuant to the Federal Tort Claims Act ("FTCA"), seeking damages pursuant to Michigan's wrongful death statute.

On July 11, 2012, the United States filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The United States argued that the Court lacked subject-matter jurisdiction due to the operation of the statute of limitations set forth in the FTCA. In responding to this motion, Plaintiff asserted that any statute of limitations deficiency was excused. Plaintiff argued that the Medical Centers fraudulently concealed the medical research while Decedent was alive and perpetrated this fraud after Decedent's death by fraudulently concealing Decedent's medical records.

After a thorough and careful review of the pleadings and exhibits attached thereto, the Court determined that it was without jurisdiction to entertain Plaintiff's suit and issued an Opinion and Order dismissing Plaintiff's action on October 30, 2012. The United States Court of Appeals for the Sixth Circuit affirmed this Court's dismissal of Plaintiff's Complaint in an unpublished order dated June 28, 2013.[1] *Byrd v. United States*, No. 12-2560 (6th Cir. June 28, 2013). A mandate issued on November 19, 2013.

---

[1] Between the time of dismissal and the Sixth Circuit's order affirming the dismissal, Plaintiff filed three motions with this Court: (1) "Objection to the Judgment, Opinion and Order Granting Defendant['s] Motion to Dismiss", which the Court construed as a motion for reconsideration; (2) "Motion Requesting the Court to Amend its Judgment" filed pursuant to Federal Rule of Civil Procedure

Presently before the Court are two motions filed by Plaintiff prior to the issuance of the Sixth Circuit's mandate. The first motion, filed on October 29, 2013, is a "Motion to Set Aside Order and Judgment or Reopen Case," filed pursuant to Federal Rule of Civil Procedure 60(b)(2) and 60(b)(6). Plaintiff filed the second motion, entitled "Motion to Void Order and Judgment," on November 13, 2013. In the second motion, Plaintiff argues that this Court must vacate its Opinion and Order dismissing his case pursuant to Rule 60(b)(4).

In the Motion to Set Aside, Plaintiff contends, as he has in the past, that his failure to abide by the process set forth in the FTCA should be excused on the grounds of fraudulent concealment. In this latest motion, Plaintiff argues that he has new evidence of an affirmative act by the United States showing an entitlement to relief. Under Rule 60(b)(2), a court may relieve a party from a final judgment if "newly discovered evidence that, with reasonable diligence, could not have been discovered [in fourteen days.]" Fed. R. Civ. P. 60(b)(2). Plaintiff has not met this burden. Plaintiff argues that he has evidence that an individual named Sudhir G. Desai, who represented himself as an M.D. when treating Decedent, is really a pharmacist. Plaintiff indicates that many internet sources confirmed Desai's representations but that in July of 2013, he discovered the Michigan Department of

---

52(b); and (3) "Motion to Set Aside Judgment/Opinion and Order Granting Defendant[']s Motion to Dismiss" filed pursuant to Federal Rule of Civil Procedure 60(b)(6). The Court denied each motion in an Opinion and Order dated February 7, 2013.

Licensing and Regulatory Affairs website that revealed Desai's true profession. This information, however, could have been discovered with reasonable diligence much earlier. As such, Plaintiff's Rule 60(b)(2) argument lacks merit and does not excuse Plaintiff's failure to abide by the exhaustion requirements set forth in the FTCA.

Plaintiff's Rule 60(b)(6) argument is similarly insufficient to permit the Court to reopen the case. Not only has Plaintiff filed a motion pursuant to this rule previously, but Plaintiff's brief suggests that the fraudulent conduct "justifies relief[]" under the Rule because the Sixth Circuit has a liberal policy of allowing plaintiffs to amend deficiencies in their pleadings. This argument is misplaced and entirely unavailing. Having rejected the two bases for relief in Plaintiff's Motion to Set Aside, the Court denies Plaintiff's Motion.

Plaintiff's Motion to Void argues that this Court's October 30, 2012 Opinion and Order is void pursuant to Rule 60(b)(4) because the Court dismissed the action with prejudice. Because the Court lacked subject matter jurisdiction, Plaintiff argues that the Court should have dismissed his Complaint without prejudice. This alleged error has no bearing on the Court's jurisdictional determination, and, contrary to Plaintiff's argument, he could not bring this action in a different forum as "[j]urisdiction to hear tort claims is exclusively granted to the United States District Courts under the [FTCA]." *Rutledge v. United States*, 72 Fed. Cl. 396, 402

(Fed. Cl. 2006) (quoting *McCauley v. United States*, 38 Fed. Cl. 250, 264 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998)); *see also* 28 U.S.C. § 1346(b). Because Plaintiff could not institute the action in a different forum, there was no error in dismissing the action with prejudice. As such, Plaintiff's Motion to Void is hereby denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Set Aside Order and Judgment or Reopen Case (ECF No. 31) and Plaintiff's Motion to Void Order and Judgment (ECF No. 32) are **DENIED**.

DATED: January 10, 2014

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:

**Bennie Byrd, III**
1400 West Grand Blvd.
Detroit, MI 48208

**Theresa M. Urbanic, A.U.S.A.**