UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENNIE BYRD, III, as Personal
Representative of the Estate of BENNIE
BYRD, JR.,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

Case No. 12-cv-12174
Hon. Patrick J. Duggan

---

## ORDER

Plaintiff Bennie Byrd, III, proceeding *pro se*, filed the instant action as

Personal Representative of the Estate of Bennie Byrd, Jr. ("Decedent"), his father,

on May 16, 2012 against the United States of America pursuant to the Federal Tort

Claims Act.  On October 30, 2012, this Court dismissed Plaintiff's Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(1) for want of subject matter

jurisdiction.  After the Court dismissed Plaintiff's lawsuit, Plaintiff filed three

documents with the Court: (1) "Objection to the Judgment, Opinion and Order

Granting Defendant['s] Motion to Dismiss"; (2) "Motion Requesting the Court to

Amend its Judgment" filed pursuant to Federal Rule of Civil Procedure 52(b); and

(3) "Motion to Set Aside Judgment/Opinion and Order Granting Defendant[']s

Motion to Dismiss" filed pursuant to Federal Rule of Civil Procedure 60(b)(6).

These motions were denied in an Opinion and Order dated February 7, 2013.

The United States Court of Appeals for the Sixth Circuit affirmed this Court's dismissal of Plaintiff's Complaint in an unpublished order dated June 28, 2013. *Byrd v. United States*, No. 12-2560 (6th Cir. June 28, 2013). A mandate issued on November 19, 2013. Between the time of the unpublished order and the issuance of the mandate, Plaintiff filed two additional motions: (1) "Motion to Set Aside Order and Judgment or Reopen Case," filed pursuant to Federal Rule of Civil Procedure 60(b)(2) and 60(b)(6) on October 29, 2013 and (2) Motion to Void Order and Judgment," filed on November 13, 2013. In an Opinion and Order dated January 10, 2014, the Court denied both motions.

Presently before the Court is yet another motion seeking reconsideration of the Court's January 10, 2014 Opinion and Order. (ECF No. 35.) Eastern District of Michigan Local Rule 7.1(h) states the grounds for granting a motion for reconsideration; it provides:

> The movant must [1] not only demonstrate a palpable defect [2] by which the court and the parties have been misled but also [3] show that correcting the defect will cause a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citation omitted). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).

The purpose of a motion for reconsideration is not "'to give an unhappy litigant one additional chance to sway the judge.'"  *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Plaintiff does not raise new arguments in his reconsideration motion nor does he identify a palpable defect which misled the court.  Plaintiff merely reiterates the arguments he presented in the motions this Court denied.  Plaintiff's Motion for Reconsideration is accordingly **DENIED**.

Given the multiplicity of filings in this action, the Court notes that it no longer has jurisdiction over this action as Plaintiff has exhausted any and all remedies in this Court.  Accordingly, any additional motions filed in connection with this matter will be **terminated by the Court without further action or explanation**.

DATED: March 3, 2014

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
**Bennie Byrd, III**
1400 West Grand Blvd.
Detroit, MI 48208

**Theresa M. Urbanic, A.U.S.A.**